**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

TOMS RIVER REGIONAL SCHOOLS
DISTRICT BOARD OF EDUCATION,

                      Plaintiff,

                      v.

A.E. & A.P., on behalf of D.M.,

                      Defendants.

Civil Action No. 19-15629 (MAS) (LHG)

**MEMORANDUM ORDER**

This matter comes before the Court upon the Court's review of the docket. On July 19, 2019, Plaintiff Toms River Regional Schools District ("Plaintiff") filed a Complaint and Application for Preliminary Injunctive Relief. (*See* Compl., ECF No. 1.) On July 23, 2019, Plaintiff filed correspondence indicating that the injunctive relief Plaintiff seeks has been granted in an underlying administrative hearing.[1] (Correspondence, ECF No. 8.) On July 24, 2019, Defendants A.E. and A.P., on behalf of D.M. ("Defendants") filed correspondence requesting, *inter alia*, injunctive relief and a teleconference with the Court. (Correspondence, ECF No. 9.) On July 24, 2019, the Court held a telephone conference with the parties.[2] (*See* ECF No. 10.)

This matter arises out of a dispute between Plaintiff and Defendants pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1450. (Compl. ¶ 1.) On August 17, 2018, pursuant to the IDEA and New Jersey law, Plaintiff filed a Petition for Due Process and the petition was subsequently transmitted to the New Jersey Office of Administrative

---

[1] As a result of Plaintiff receiving the injunctive relief it seeks, Plaintiff's Application for Preliminary Injunctive relief is moot.

[2] Due to the spontaneous nature of the teleconference, the telephone conference was not placed on the record.

Law (the "Underlying Proceeding"). (*Id.* ¶¶ 29-30.) The matter was assigned to the Honorable Jeffrey N. Rabin, A.L.J. (Compl. ¶ 30.) On June 25, 2019, Judge Rabin issued an order (the "June 25 Order") (Compl., Ex. A ("June 25 Order"), ECF No. 1), and he issued a second order on July 1, 2019 (the "July 1 Order") (Compl., Ex. B ("July 1 Order"), ECF No.1). Plaintiff appeals the June 25 Order and the July 1 Order on an interlocutory basis.

Federal courts are courts of limited jurisdiction. *See Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). A federal court, therefore, is required to determine whether it has jurisdiction even if the parties to an action have not made a jurisdictional challenge. *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1049 (3d Cir. 1993).

"The IDEA grants subject matter jurisdiction to the federal district courts[,]" by allowing an "aggrieved party to bring a civil action in . . . federal court." *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 274 (3d Cir. 2014). Specifically, 20 U.S.C. § 1415(i)(2)(A) "permits an appeal to the federal courts only where a party is 'aggrieved by the findings and decision' made under subsections (f), (k), or (g) of the statute." *Hopewell Valley Reg'l Bd. of Educ. v. J.R.*, No. 15-8477, 2016 WL 1761991, at *3 (D.N.J. May 3, 2016) (internal citation omitted). "In the normal case, exhausting the IDEA's administrative process is required in order for the statute to 'grant subject matter jurisdiction to the district court.'" *S.D. by A.D. v. Haddon Heights Bd. of Educ.*, 722 F. App'x 119, 125 (3d Cir. 2018) (quoting *Batchelor v. Rose Tree Media Sch. Dist.*, 759 F.3d 266, 272 (3d Cir. 2014)).

Plaintiff asserts that the Court has jurisdiction pursuant to 20 U.S.C. § 1415(i). (Compl. ¶ 1.) Plaintiff, however, has not exhausted its administrative remedies in the Underlying Proceeding, and, as a result, 20 U.S.C. § 1415(i) cannot provide the Court subject matter jurisdiction. *Id.* ("Section 1415(l) of the IDEA requires exhaustion of the administrative hearing process . . . in actions brought directly under the IDEA . . . .").

2

Plaintiff asserts that the Court's subject matter jurisdiction is based on satisfying three out of four of the exceptions to the IDEA's administrative exhaustion requirements. (*Id.* ¶¶ 48-52.) The Third Circuit has recognized four situations where exhaustion of administrative remedies is not required, where: "(1) exhaustion would be futile or inadequate; (2) the issue presented is purely a legal question; (3) the administrative agency cannot grant relief; and (4) exhaustion would cause severe or irreparable harm." *D.E.*, 765 F.3d at 275. The Court finds that none of these exceptions are satisfied.

The futility exception does not apply. As a threshold matter, the factual record does not appear to be fully developed, as recognized in the July 1 Order, in which Judge Rabin stated that there are genuine issues and questions of fact. (*See* July 1 Order.) Additionally, nothing on the face of the Complaint establishes that this is an emergency situation involving the mental or physical health of D.M. Plaintiff also has not alleged that the remedy it seeks in the Underlying Proceeding is unavailable pursuant to the IDEA. At bottom, Plaintiff's objection to the July 1 Order is a mere disagreement with Judge Rabin's denial of Plaintiff's motion for summary decision. Similarly, Plaintiff's disagreement with the June 25 Order does not satisfy the futility exception because the June 25 Order is procedural in nature and any purported error in the June 25 Order or harm resulting from the same can be addressed on appeal after the due process hearing.

The purely legal exception to exhaustion is derived from the futility exception. *See Lester H. by Octavia P. v. Gilhool*, 916 F.2d 865, 869 (3d Cir. 1990) ("The basis for the district court's futility finding is that the issues involved here were purely legal, not factual."). This is because exhaustion is required "where the peculiar expertise of an administrative hearing officer is necessary to develop a factual record." *Id.* If no factual record needs to be developed and no evidentiary disputes remain, *i.e.*, the matter is purely legal, "the court can and should decide legal issues." *Id.*

The Court finds that Plaintiff's allegation that "all that remains are the 'purely legal questions' of whether the [Defendants'] unreasonable and fraudulent conduct bars them from attaining the relief they now seek[,]" fails. As discussed, ALJ Rabin found that there were issues of fact which precluded the grant of Plaintiff's Motion for Summary Decision on the issue of Defendants' registration of D.M. Despite ALJ Rabin's conclusions, Plaintiff alleges the Court has subject matter jurisdiction because there are no issues of fact. Plaintiff's position is significantly undermined by the fact that the July 1 Order contains a limited number of findings of fact—four— and the standard of review the Court must apply to the July 1 Order—modified *de novo*. *See L.E. v. Ramsey Bd. of Educ.*, 435 F.3d 384, 389 (3d Cir. 2006) ("When deciding an IDEA case, the District Court applies a modified *de novo* review and is required to give due weight to the factual findings of the ALJ.")

In effect, Plaintiff invites the Court to base its subject matter jurisdiction on a limited factual record that ALJ Rabin has already determined requires a full evidentiary hearing to complete. The Court declines Plaintiff's invitation, especially in light of the Third Circuit's caution that "[d]isruption and interference with the state proceedings can have serious adverse effects[,]" while "the duplication of effort in evaluating the same areas of controversy is a substantial detriment to consistency and procedural efficiency." *Komninos by Komninos v. Upper Saddle River Bd. of Educ.*, 13 F.3d 775, 779 (3d Cir. 1994).

The Third Circuit has advised that the "severe or irreparable harm" exception "is to be sparingly invoked[,]" and to establish irreparable harm, a party "must provide a sufficient preliminary showing that the child will suffer serious and irreversible mental or physical damage (e.g., irremediable intellectual regression) before the administrative process may be circumvented." *Id.* at 778-79. Here, Plaintiff cannot satisfy this threshold requirement because Plaintiff does not allege that harm will come to D.M. (Compl. ¶ 51.) Additionally, the speculative

harms Plaintiff alleges it may suffer can be rectified if and when Plaintiff is in a position to appeal a final decision following the due process hearing. The Court, accordingly, concludes the severe or irreparable harm exception does not apply.

In sum, none of the exceptions to the IDEA's exhaustion of administrative remedies requirement are satisfied.[3] The Court, accordingly, finds it does not have subject matter jurisdiction over this matter.

For the reasons set forth above, and other good cause shown,

**IT IS** on this  25th  day of July, 2019 **ORDERED** that:

1. Plaintiff's Application for Preliminary Injunctive Relief (ECF No. 1) is **DENIED** as moot.

2. Plaintiff's Complaint (ECF No. 1) is **DISMISSED**.

3. The Clerk of Court shall close this matter

s/ Michael A. Shipp  
**MICHAEL A. SHIPP**  
**UNITED STATES DISTRICT JUDGE**

---

[3] Plaintiff does not allege that the fourth exception applies, and the Court does not consider whether it applies because Plaintiff bears the burden of establishing the same. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).